UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID YONKO, <br><br> Plaintiff, <br><br> v. <br><br> MICHAEL J. ASTRUE, Commissioner of Social Security, <br><br> Defendant. | Case No. CV 10-8582 JC <br><br> MEMORANDUM OPINION AND ORDER OF REMAND |

**I. SUMMARY**

On November 18, 2010, plaintiff David M. Yonko ("plaintiff") filed a Complaint seeking review of the Commissioner of Social Security's denial of plaintiff's application for benefits. The parties have consented to proceed before a United States Magistrate Judge.

This matter is before the Court on the parties' cross motions for summary judgment, respectively ("Plaintiff's Motion") and ("Defendant's Motion"). The Court has taken both motions under submission without oral argument. See Fed. R. Civ. P. 78; L.R. 7-15; November 19, 2010 Case Management Order ¶ 5.

///
///

1

Based on the record as a whole and the applicable law, the decision of the Commissioner is REVERSED AND REMANDED for further proceedings consistent with this Memorandum Opinion and Order of Remand because the Administrative Law Judge ("ALJ") failed properly to consider the medical opinion evidence.

## II. BACKGROUND AND SUMMARY OF ADMINISTRATIVE DECISION

On November 7, 2007, plaintiff filed an application for Supplemental Security Income benefits. (Administrative Record ("AR") 18, 93-95). Plaintiff asserted that he became disabled on January 1, 1994, due to depression, chronic diabetes and blindness. (AR 105-06). The ALJ examined the medical record and heard testimony from plaintiff (who was represented by counsel) and a vocational expert on January 21, 2010. (AR 30-38).

On February 5, 2010, the ALJ determined that plaintiff was not disabled through the date of the decision. (AR 18). Specifically, the ALJ found: (1) plaintiff suffered from the following severe impairments: bipolar disorder, diabetes, hypertension, hip pain and obesity (AR 20); (2) plaintiff's impairments, considered singly or in combination, did not meet or medically equal one of the listed impairments (AR 20); (3) plaintiff retained the residual functional capacity to perform light work (20 C.F.R. § 416.967(b)) with certain additional limitations[1] (AR 20); (4) plaintiff has no past relevant work (AR 23); (5) there are jobs that exist in significant numbers in the national economy that plaintiff could perform, specifically assembler and mail sorter (AR 24); and (6) plaintiff's allegations

///

---

[1] The ALJ determined that plaintiff could perform light work but: (1) could only occasionally bend, squat, crouch; (2) could occasionally push/pull with bilateral lower extremities; and (3) could understand at least simple instructions and maintain concentration, attention, persistence and pace for at least two hours. (AR 20).

regarding his limitations were not credible to the extent they were inconsistent with the ALJ's residual functional capacity assessment. (AR 21).

The Appeals Council denied plaintiff's application for review. (AR 1).

### III.   APPLICABLE LEGAL STANDARDS

#### A.   Sequential Evaluation Process

To qualify for disability benefits, a claimant must show that the claimant is unable to engage in any substantial gainful activity by reason of a medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of at least twelve months. Burch v. Barnhart, 400 F.3d 676, 679 (9th Cir. 2005) (citing 42 U.S.C. § 423(d)(1)(A)). The impairment must render the claimant incapable of performing the work claimant previously performed and incapable of performing any other substantial gainful employment that exists in the national economy. Tackett v. Apfel, 180 F.3d 1094, 1098 (9th Cir. 1999) (citing 42 U.S.C. § 423(d)(2)(A)).

In assessing whether a claimant is disabled, an ALJ is to follow a five-step sequential evaluation process:

(1) Is the claimant presently engaged in substantial gainful activity? If so, the claimant is not disabled. If not, proceed to step two.

(2) Is the claimant's alleged impairment sufficiently severe to limit claimant's ability to work? If not, the claimant is not disabled. If so, proceed to step three.

(3) Does the claimant's impairment, or combination of impairments, meet or equal an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1? If so, the claimant is disabled. If not, proceed to step four.

///
///

|   |     |                                                                  |
|---|-----|------------------------------------------------------------------|
| 1 | (4) | Does the claimant possess the residual functional capacity to    |
| 2 |     | perform claimant's past relevant work? If so, the claimant is    |
| 3 |     | not disabled. If not, proceed to step five.                      |
| 4 | (5) | Does the claimant's residual functional capacity, when           |
| 5 |     | considered with the claimant's age, education, and work          |
| 6 |     | experience, allow claimant to adjust to other work that exists in|
| 7 |     | significant numbers in the national economy? If so, the          |
| 8 |     | claimant is not disabled. If not, the claimant is disabled.      |

Stout v. Commissioner, Social Security Administration, 454 F.3d 1050, 1052 (9th Cir. 2006) (citing 20 C.F.R. §§ 404.1520, 416.920).

The claimant has the burden of proof at steps one through four, and the Commissioner has the burden of proof at step five. Bustamante v. Massanari, 262 F.3d 949, 954 (9th Cir. 2001) (citing Tackett); see also Burch, 400 F.3d at 679 (claimant carries initial burden of proving disability).

**B.     Standard of Review**

Pursuant to 42 U.S.C. section 405(g), a court may set aside a denial of benefits only if it is not supported by substantial evidence or if it is based on legal error. Robbins v. Social Security Administration, 466 F.3d 880, 882 (9th Cir. 2006) (citing Flaten v. Secretary of Health & Human Services, 44 F.3d 1453, 1457 (9th Cir. 1995)). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971) (citations and quotations omitted). It is more than a mere scintilla but less than a preponderance. Robbins, 466 F.3d at 882 (citing Young v. Sullivan, 911 F.2d 180, 183 (9th Cir. 1990)).

To determine whether substantial evidence supports a finding, a court must "'consider the record as a whole, weighing both evidence that supports and evidence that detracts from the [Commissioner's] conclusion.'" Aukland v. Massanari, 257 F.3d 1033, 1035 (9th Cir. 2001) (quoting Penny v. Sullivan, 2 F.3d

953, 956 (9th Cir. 1993)). If the evidence can reasonably support either affirming or reversing the ALJ's conclusion, a court may not substitute its judgment for that of the ALJ. Robbins, 466 F.3d at 882 (citing Flaten, 44 F.3d at 1457).

## IV. DISCUSSION

Plaintiff argues that the ALJ failed properly to consider the opinions of Dr. Sam Smith, plaintiff's treating psychiatrist. (Plaintiff's Motion at 3-7). As discussed in detail below, the Court agrees. As the Court cannot find that the ALJ's error was harmless, a remand is warranted.

### A. Pertinent Law

In Social Security cases, courts employ a hierarchy of deference to medical opinions depending on the nature of the services provided. Courts distinguish among the opinions of three types of physicians: those who treat the claimant ("treating physicians") and two categories of "nontreating physicians," namely those who examine but do not treat the claimant ("examining physicians") and those who neither examine nor treat the claimant ("nonexamining physicians"). Lester v. Chater, 81 F.3d 821, 830 (9th Cir.), as amended (1996) (footnote reference omitted). A treating physician's opinion is entitled to more weight than an examining physician's opinion, and an examining physician's opinion is entitled to more weight than a nonexamining physician's opinion. See id. In general, the opinion of a treating physician is entitled to greater weight than that of a non-treating physician because a treating physician "is employed to cure and has a greater opportunity to know and observe the patient as an individual." Morgan v. Commissioner of Social Security Administration, 169 F.3d 595, 600 (9th Cir. 1999) (citing Sprague v. Bowen, 812 F.2d 1226, 1230 (9th Cir. 1987)).

A treating physician's opinion is not, however, necessarily conclusive as to either a physical condition or the ultimate issue of disability. Magallanes v. Bowen, 881 F.2d 747, 751 (9th Cir. 1989) (citing Rodriguez v. Bowen, 876 F.2d 759, 761-62 & n.7 (9th Cir. 1989)). Where a treating physician's opinion is not

contradicted by another doctor, it may be rejected only for clear and convincing reasons. Orn v. Astrue, 495 F.3d 625, 632 (9th Cir. 2007). An ALJ can reject the opinion of a treating physician in favor of a conflicting opinion of another examining physician if the ALJ makes findings setting forth specific, legitimate reasons for doing so that are based on substantial evidence in the record. Id. "The ALJ must do more than offer his conclusions." Embrey v. Bowen, 849 F.2d 418, 421-22 (9th Cir. 1988). "He must set forth his own interpretations and explain why they, rather than the [physician's], are correct." Id.; see Thomas v. Barnhart, 278 F.3d 947, 957 (9th Cir. 2002) (ALJ can meet burden by setting out detailed and thorough summary of facts and conflicting clinical evidence, stating his interpretation thereof, and making findings). "Broad and vague" reasons for rejecting a treating physician's opinion do not suffice. McAllister v. Sullivan, 888 F.2d 599, 602 (9th Cir.1989).

When they are properly supported, the opinions of physicians other than treating physicians, such as examining physicians and nonexamining medical experts, may constitute substantial evidence upon which an ALJ may rely. See, e.g., Tonapetyan v. Halter, 242 F.3d 1144, 1149 (9th Cir. 2001) (consultative examiner's opinion on its own constituted substantial evidence, because it rested on independent examination of claimant); Morgan, 169 F.3d at 600 (testifying medical expert opinions may serve as substantial evidence when "they are supported by other evidence in the record and are consistent with it").

### B. Pertinent Facts

In a March 30, 2009, Evaluation Form for Mental Disorders, plaintiff's treating psychiatrist, Dr. Sam Smith, reported, in pertinent part, that plaintiff: (1) had "substantial problems carrying out his activities of daily living," would become "extremely anxious" when "placed in situations that require [plaintiff] to sequence or to follow instructions" which would "usually cause him to become disorganized and flustered"; (2) "had problems keeping jobs due to his high level

1  of anxiety and fluctuating moods"; (3) "tend[ed] to ruminate over various things,
2  which exacerbates depressive and anxious symptoms"; and (4) "[was] very
3  paranoid and anxious around groups of people or people that he [did] not know . . .
4  [which made] being in a work environment especially difficult for [him]"
5  (collectively "Dr. Smith's Opinions") (citing AR 333).
6      In his assessment of plaintiff's credibility, the ALJ noted the following
7  regarding Dr. Smith's Opinions and related medical records from plaintiff's
8  treatment at Long Beach Mental Health:
9      [Plaintiff] is treated with psychotropic medication and is followed for
10     medication management at Long Beach Mental Health (LBMH)
11     treatment. [Citations.] A mental status evaluation in March 2009
12     noted rapid shifts in emotions and that [plaintiff] has limitations in
13     memory and concentration and tends to ruminate over things, exhibits
14     anxiety when he is required to follow instructions, and has paranoid
15     thoughts about people. [Citation.] However, it does not appear from
16     the record that [plaintiff] receives any other type of mental health
17     treatment such as counseling, psychotherapy, or group therapy. The
18     treating records from LBMH reflect [plaintiff] is only receiving
19     medication management. [Citations.]
20  (AR 21) (citing, *inter alia*, Exhibit13F at 18 [AR 331]). The ALJ concluded that
21  plaintiff retained "the ability to follow simple instructions and maintain
22  concentration, attention, persistence, and pace for at least 2 hours." (AR 21-22).
23      **C.   Analysis**
24      Plaintiff argues that the ALJ failed properly to consider Dr. Smith's
25  Opinions. (Plaintiff's Motion at 3-6). The Court agrees.
26      First, although the ALJ notes in connection with his assessment of
27  plaintiff's credibility that plaintiff "has paranoid thoughts about people," the ALJ
28  did not adequately explain the weight, if any, given to Dr. Smith's similar opinion

that plaintiff would have difficulty working around certain people.  Nor did the ALJ include any limitation on plaintiff's ability to work around people in the residual functional capacity assessment for plaintiff or in the hypothetical question posed to the vocational expert.  (AR 20, 36-37).  It also appears that the ALJ did not include a limitation in the residual functional capacity assessment which addresses Dr. Smith's opinion that plaintiff "tends to ruminate over various things, which exacerbates depressive and anxious symptoms" and impacts plaintiff's ability to remain in a job.  (AR 20, 36-37).  The ALJ's failure to account for such limitations was legal error.  See Smolen v. Chater, 80 F.3d 1273, 1282 (9th Cir. 1996) (legal error for ALJ to ignore medical evidence without explanation) (citation omitted).

      Second, to the extent defendant argues that the ALJ properly gave less weight to Dr. Smith's Opinions based on "[t]he limited nature of Dr. Smith's treatment relationship with plaintiff" or Dr. Smith's purported failure to refer plaintiff to psychiatric counseling, defendant's argument lacks merit. (Defendant's Motion at 2-4).  As defendant correctly notes, the ALJ found that plaintiff's treatment at LBMH (where Dr. Smith was a psychiatrist) was limited solely to "medication management."  (AR 21) (citing Exhibits 9F [AR 288-305]; 13F [AR 314-34]; 14F [AR 335-66]; 15F [AR 367-98]; 16F [AR 399-425]).  The ALJ's finding, however, appears to conflict with Dr. Smith's statement in the March 30th Evaluation Form that between August 20, 2008 and March 25, 2009, plaintiff received "Medication Management every 2-3 months and Therapy sessions 2 times per month" (AR 331) (emphasis added).  As it appears that the ALJ's finding was based on an apparently inadvertent misreading of plaintiff's LBMH medical records, such finding could not serve as substantial evidence supporting the ALJ's rejection of Dr. Smith's opinions.  See Lesko v. Shalala, 1995 WL 263995, at *7 (E.D.N.Y. Jan. 5, 1995) ("inaccurate characterizations of the Plaintiff's medical record" found to constitute reversible error); cf. Regennitter

v. Commissioner of Social Security Administration, 166 F.3d 1294, 1297 (9th Cir. 1999) (A "specific finding" that consists of an "inaccurate characterization of the evidence" cannot support an adverse credibility determination); Valenzuela v. Astrue, 247 Fed. Appx. 927, 929 (9th Cir. 2007)[2] (finding ALJ's credibility determination unsupported by substantial evidence where it was based in part on "inaccurate characterization" of claimant's testimony).

Even assuming that the ALJ correctly determined that Dr. Smith's treatment of plaintiff consisted solely of medication management, the Court cannot conclude on the current record that such fact alone justifies rejecting plaintiff's treating physician's opinions that plaintiff (1) had "substantial problems carrying out [] activities of daily living" in part due to rumination, depression and anxiety; and (2) was limited in his ability to work around certain people. A significant portion of LBMH treatment notes for plaintiff reflect plaintiff responded poorly to his medication or had only "slight improvement" (See, e.g., AR 290, 291, 299, 301, 302, 325, 326, 377-82) which suggests that plaintiff's impairments were not controlled effectively by medication and, therefore, Dr. Smith was in a position to observe the degree to which plaintiff's impairments limited his ability to work. Cf. Warre v. Commissioner of Social Security Administration, 439 F.3d 1001, 1006 (9th Cir. 2006) ("Impairments that can be controlled effectively with medication are not disabling for the purpose of determining eligibility for SSI benefits.") (citations omitted).

The Court cannot find the ALJ's error harmless. At the administrative hearing, the vocational expert testified that there would be no jobs available in the national economy for plaintiff (or a hypothetical person with plaintiff's characteristics) if such person's "depression were such that he were unable to

---

[2]The Court may cite unpublished Ninth Circuit opinions issued on or after January 1, 2007. See U.S. Ct. App. 9th Cir. Rule 36-3(b); Fed. R. App. P. 32.1(a).

maintain attention and concentration for even two hours at a time and would need to be down task much more than that. . . ." (AR 37).  Here, it is unclear from the current record whether plaintiff's "depressive and anxious symptoms" or limitation in his ability to work around other people might cause plaintiff to be "down task" for any period of time which would be material to a disability determination (*e.g.*, preclude plaintiff from being able to maintain attention and concentration for even two hours at a time).  The Court therefore cannot conclude that the vocational expert would have opined (or that the ALJ relying upon such opinion would have determined) that plaintiff could perform work which exists in significant numbers in the national economy if the ALJ had included in the hypothetical question plaintiff's asserted limitations in his activities of daily living and ability to work around people.  Accordingly, the Court cannot find the ALJ's error to be harmless.

       Finally, although, as defendant suggests, the ALJ may ultimately reject Dr. Smith's opinions because they were based solely on plaintiff's subjective complaints, see Bayliss v. Barnhart, 427 F.3d 1211, 1217 (9th Cir. 2005) (ALJ properly rejected opinion of treating physician which was based in part on subjective complaints of claimant), the ALJ did not do so in the administrative decision.  This Court is constrained to review the reasons cited by the ALJ. Connett v. Barnhart, 340 F.3d 871, 874 (9th Cir. 2003) ("We are constrained to review the reasons the ALJ asserts."); Orn v. Astrue, 495 F.3d 625, 630 (9th Cir. 2007) ("We review only the reasons provided by the ALJ in the disability determination and may not affirm the ALJ on a ground upon which he did not rely.").

       Accordingly, this case must be remanded to permit the ALJ properly to consider the medical opinion evidence.

///

///

## V. CONCLUSION[3]

For the foregoing reasons, the decision of the Commissioner of Social Security is reversed in part, and this matter is remanded for further administrative action consistent with this Opinion.[4]

LET JUDGMENT BE ENTERED ACCORDINGLY.

DATED: October 28, 2011

                                        /s/
                                   Honorable Jacqueline Chooljian
                                   UNITED STATES MAGISTRATE JUDGE

---

[3]The Court need not, and has not adjudicated plaintiff's other challenges to the ALJ's decision, except insofar as to determine that a reversal and remand for immediate payment of benefits would not be appropriate.

[4]When a court reverses an administrative determination, "the proper course, except in rare circumstances, is to remand to the agency for additional investigation or explanation." Immigration & Naturalization Service v. Ventura, 537 U.S. 12, 16 (2002) (citations and quotations omitted). Remand is proper where, as here, additional administrative proceedings could remedy the defects in the decision. McAllister v. Sullivan, 888 F.2d 599, 603 (9th Cir. 1989).